## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **Case No.**   2:22-cr-20063-DDC/ADM |
| v. | ) | |
| | ) | |
| CHRISTYAL CARR | ) | |
| a/k/a CHRISTYAL THORN, | ) | |
| Defendant. | ) | |
| _____ | ) | |

## CRIMINAL INFORMATION

The United States charges:

## GENERAL ALLEGATIONS

1.      Leavenworth Detention Center ("Leavenworth") was a privately run, maximum-security federal prison located in Leavenworth, Kansas.

2.      CoreCivic was a publicly traded company that owned and operated Leavenworth, pursuant to a contract with the United States Marshals Service.

3.      The United States Marshals Service was a bureau within the United States Department of Justice, operating under the direction of the Attorney General.  By virtue of CoreCivic's contract with the United States Marshals Service, Leavenworth inmates were held at the facility by direction of the Attorney General.

4.      The CoreCivic Code of Ethics prohibits certain conduct, such as:

       a.      Introducing or trafficking in contraband of any kind, such as illegal drugs, cash and cash equivalents, unauthorized nicotine products, and cellular telephones; and

       b.      Creating any appearance of a conflict of interest, such as engaging in financial transactions and exchanging gifts.

5.      The defendant, CHRISTYAL CARR, was a CoreCivic employee as a Correctional Counselor and Case Manager assigned to Leavenworth from in and around December 2019 to in and around July 2020.  Her responsibilities as a Case Manager included ensuring inmates court-ordered program requirements were met and monitoring inmates' behavior. By virtue of her positions at Leavenworth, CARR was a public official.

6.      Cash App is a mobile application that allows users to transfer money to one another.

## COUNT ONE
### (Conspiracy)

7.      Paragraphs 1 through 6 are re-alleged and incorporated herein by reference.

8.      From in and around at least April 2020 through in and around at least July 2020, in the District of Kansas and elsewhere, the defendant, CHRISTYAL CARR, did unlawfully, knowingly, and intentionally, combine, conspire, confederate, and agree with others to commit the following offenses against the United States:

a.      Receiving bribes as a public official, that is, to directly, indirectly, and corruptly demand, seek, receive, and accept, and agree to receive and accept something of value in return for being influenced in the performance of an official act or being induced to do or omit to do any act in violation of the official duty of such official, in violation of Title 18, United States Code, Sections 201(b)(2)(A) and (b)(2)(C); and

b.      Providing prohibited objects to inmates of a federal prison, that is, to knowingly provide inmates of a federal prison, that is, Leavenworth Detention Center, prohibited objects as defined in Title 18, United States Code, Sections 1791(d)(l)(F) and (d)(l)(G), in violation of Title 18, United States Code, Section 1791(a)(1).

## PURPOSE OF THE CONSPIRACY

9.      The purpose of the conspiracy was for CARR to use her position to smuggle contraband into Leavenworth and deliver that contraband to an inmate.

## MANNER AND MEANS

The manner and means of the conspiracy included, but were not limited to, the following:

10.     CARR smuggled contraband—including, but was not limited to, K2 and cellular telephones—into Leavenworth at the request of Public Official 1, Public Official 2, and Person 1, an associate of Inmate 1;

11.     CARR used her Cash App account to receive payments from other users in exchange for smuggling contraband into Leavenworth; and

12.     CARR was paid in cash and paid others in cash in exchange for smuggling contraband into Leavenworth.

## OVERT ACTS

In furtherance of the conspiracy, and to accomplish its purpose, one or more members of the conspiracy committed or caused to be committed the following overt acts in the District of Kansas:

13.     On at least four occasions between in and around April 2020 through in and around July 2020, CARR smuggled or attempted to smuggle contraband—including cellular telephones and K2—into Leavenworth.

14.     Between in and around April 2020 through in and around July 2020, Public Official 1 paid CARR $500 to smuggle K2 into Leavenworth. In exchange, CARR smuggled the K2 into Leavenworth for Inmate 2.

15.     Between in and around April 2020 through in and around July 2020, Person 1 paid CARR $100. Later, Person 1 paid CARR an additional $500 to smuggle contraband into Leavenworth. In exchange, CARR smuggled K2 into Leavenworth.

16.     Between in and around April 2020 through in and around July 2020, Person 1 provided CARR with K2 to smuggle into Leavenworth and paid her $500 in cash. CARR contacted Public Official 1 and asked that Public Official 1 smuggle the contraband into Leavenworth for Person 1. CARR paid Public Official 1 $500 to do so.

17.     Between in and around April 2020 through in and around July 2020, CARR picked up a package of contraband that she believed contained cellular telephones and placed it in Public Official 2's car in the Leavenworth parking lot. Public Official 2 smuggled the contraband into Leavenworth and paid CARR $1,000 cash for her help.

All in violation of Title 18, United States Code, Section 371.

Date: __12/1/22__

COREY R. AMUNDSON
Chief, Public Integrity Section
U.S. Department of Justice

By:

Jacob Steiner
Lauren Castaldi
Trial Attorneys, Public Integrity Section
U.S. Department of Justice